Claim against the United States. — On September 10,1976 the court entered the following order:
Before CoweN, Chief Judge, Davis, and BeNNett, Judges.
“This fro se case comes before the court on defendant’s motion to dismiss the petition and has been considered, without oral argument, on the petition and exhibits, plaintiff’s ‘Points of Authority’, as well as his documents filed August 23,1976, and the defendant’s motion to dismiss.
“The ‘claim’ stated by the petition has two 'aspects. The first is that plaintiff, as a ‘citizen,’ has an ‘absolute right’ to his ‘fair share’ of the ‘per capita public and lawful money’ ‘created by Congress’ (‘to be computed in accordance with official statistics’). As a citizen, plaintiff obviously has no such automatic right to obtain such a sum from the federal treasury, and the motion to dismiss is well-taken. The second aspect of the ‘claim’ either seeks an injunction against issuance of Federal Eeserve notes (alleged to be unlawful currency) or sets up a tort claim for damages to plaintiff for improperly allowing such notes to circulate. In either case, this court is without jurisdiction.*
*314 “it is therefore ordered that defendant’s motion to dismiss is granted and tbe petition is dismissed.”

Nor would tie District Courts lave jurisdiction of tlis suit against tie united States under tie Tucker Act, 28 U.S.C. § 1346(a) (2), or tie Tort Claims Act, 28 U.S.C. § 1346(b). Section 1506 (‘Transfer to Cure Defect of Jurisdiction’) of Title 28 is tlerefore inapplicable.